

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*                      *United States Courthouse, Suite 9200*
                                                       *1 Courthouse Way*
                                                       *Boston, Massachusetts  02210*

7 January 2005

J. Martin Richey
408 Atlantic Avenue, 3rd Floor
Boston, MA 02210

    Re:  United States v. Rudolph Hardial
         <u>Criminal No. 04-cr-10337-WGY</u>

Dear Counsel:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.   <u>Rule 16 Materials</u>

1.   <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a.   <u>Written Statements</u>

    Enclosed are the following relevant written statements made by the defendant Rudolph Hardial in the possession, custody or control of the government, the existence of which is known to the attorney for the government:

    <u>Miranda</u> Warning and Waiver form signed by defendant (Bates #0012 and 0076 [duplicates]); <u>Miranda</u> Warning and Waiver form signed by Deloris Hardial (Bates #0013 and 0077 [duplicates]); Customs Declaration Form (Bates #0078-79) Consent to X-Ray by defendant(Bates #0049); Consent to X-Ray by Deloris Hardial (Bates #0048); and Passports of Rudolph and Deloris Hardial (Bates #0050-0075).

    b.    <u>Recorded Statements</u>

There are no relevant recorded statements of the defendant Rudolph Hardial in the possession, custody or control of the government, which are known to the attorney for the government.

    c.    <u>Grand Jury Testimony of the Defendant</u>

The defendant did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

The following documents are enclosed:

See Proffer Interview of Rudolph Hardial (Bates #0014-17); Overview of Rudolph Hardial Case (Bates #0018-22); Interview with Deloris Hardial (Bates #0023-25); and Interview of Rudolph Hardial (Bates #0026-29).

See S/A Ryan Arnold's Handwritten notes related to: interview of Rudolph Hardial (Bates #0004-0006); Interview of Deloris Hardial (Bates #0001); and Proffer of defendant (Bates #002-03 and 007-0011).

See Notes of Customs Agents pertaining to the interviews of Rudolph and Deloris Hardial (Bates #0081-89).

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

Enclosed is a copy of the defendant's prior criminal record (Bates #0103-110).

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time. These items include the following:

    A.    All heroin seized in connection with this investigation

as described in the Department of Immigrations & Customs Enforcement as well as Customs reports enclosed herein;

    B.   All other non-drug items, including reports of ICE and Customs related to the defendant's arrest, enclosed herein; and

    C.   Customs Receipts for Seized Property and Evidence (Bates #0035-0039); Evidence bag (Bates #0040); Electronic Tickets for the defendant and Deloris Hardial (Bates #0080); S.S. Customs checklist (Bates # 0090); U.S. Detainer - Notice of Action (Bates #0091-92); Tecs II Request by S/A Ryan Arnold (Bates# 0101-102); and various U.S. Customs documents related to the defendant's arrest (Bates #0093-0100).

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

    Enclosed are the following documents:

    Whidden Memorial Hospital, Everett, Instructions for Rudolph Hardial (Bates #0047).

    U.S. Custom's notes related to the examination of the defendant and Deloris Hardial at Whidden Hospital, including field test indication, (Bates #0041-46).

    Please note that certificates of analyses regarding the heroin seized from the defendant will be forwarded to counsel as soon as the undersigned prosecutor receives same.

    Also note that the government may move for production of the defendant's hospital records.

B.    <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

    A Consent to X-Ray was obtained by U.S. Customs in Boston on 11/6/04. See Consent to X-Ray by defendant and Discharge Form (Bates #0049; Consent to X-Ray by Deloris Hardial (Bates #0048). Results of the X-Ray and the defendant's subsequent discharge of heroin pellets are described in the enclosed reports.

C.    <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

    No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.    <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E.  <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

There is no conspiracy count charged in the indictment.

F.  <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

The defendant Rudoplh Hardial was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant NAME.

G.  <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

FIRST OPTION (go through each category and state none or disclose as applicable to your case)

1.  The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2.  The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3.  No promises, rewards, or inducements have been given to any witness whom the government anticipates calling in its case-in-chief.

4.  The government is unaware that any of its named case-in-chief witnesses have any criminal record.

5.  The government is unaware that any of its named case-

in-chief witnesses have a criminal cases pending.

    6.   No identification procedure was used in this case.

H.   <u>Other Matters</u>

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi. The time, date, and place at which the alleged offense was committed is set forth in the indictment in this case a copy of which is enclosed.

Please call the undersigned Assistant U.S. Attorney at (617) 748-3644 if you have any questions.

                              Very truly yours,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                   By:  /s/William F. Bloomer
                            _____
                              WILLIAM F. BLOOMER
                              Assistant U.S. Attorney

[enclosure(s)]

cc:   Elizabeth F. Smith
     Clerk to the Honorable William G. Young
     (w/o enclosure(s))